# United States Court of Appeals
## for the Fifth Circuit



————

No. 23-30642

————

IN RE JEFF LANDRY, *In his official capacity as the Louisiana Attorney General*; ET AL.

————————————

Petition for a Writ of Mandamus
to the United States District Court
for the Middle District of Louisiana
USDC No. 3:22-CV-211
USDC No. 3:22-CV-214

————————————

## RESPONSE

In the exercise of its case management discretion, the Court set a date to resume its hearing in this case after the stay, entered by the Supreme Court on the on the eve of the final phase of the preliminary injunction hearing, was lifted.[1] The background was addressed in the Court's *Ruling* on the State's *Motion to Cancel Hearing on Remedy and to Enter a Scheduling Order for Trial*.[2] Prior to resetting the hearing date, the Court conferred with the parties via telephonic status conference.[3]

After the merits panel completes its review, should this matter proceed to a trial on the merits, the Court will be guided by this Court's merit panel ruling and the most recent

———————————————

[1] Fed. R. Civ. P. 16.
[2] Rec. Doc. 267.
[3] Rec. Doc. 246.

pronouncement of the United States Supreme Court. There is no risk of redundant proceedings because the evidence adduced at the injunction hearings is admissible at trial and becomes part of the trial record along with any new evidence admitted at trial.[4]

Completing the process which is well underway respects and is faithful to the Supreme Court's admonition to proceed "in the ordinary course and in advance of the 2024 congressional elections in Louisiana."[5] Any argument by the Petitioners that "the State was prevented from fulsomely defending its case by virtue of the expedited preliminary-injunction proceedings" should be accorded equal treatment with that provided by this Court's administrative panel, which noted that the State's decision to "put all their eggs in the basket of racial gerrymandering" was a "tactical choice [that] has consequences" (*e.g.*, precluding the State from showing that they were likely to succeed on the merits).[6]

Respectfully submitted on this 20th day of September, 2023.

CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[4] Federal Rules of Civil Procedure Rule 65(a)(2).
[5] *Ardoin v. Robinson*, 143 S.Ct. 2654 (2023).
[6] *Robinson v. Ardoin*, 22-30333 (5th Cir. June 12, 2022).