No. 23-30642
====

In the United States Court of Appeals

for the Fifth Circuit

————————————

IN RE JEFF LANDRY, *IN HIS OFFICIAL CAPACITY AS THE LOUISIANA ATTORNEY GENERAL;* ET AL.

————————————

*ON PETITION FOR WRIT OF MANDAMUS FROM UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF LOUISIANA CIV. NO. 22-0211 & CIV. NO. 22-0214 (C.J. SHELLY D. DICK)*

————————————

*ROBINSON* PLAINTIFFS' RESPONSE TO PETITION FOR WRIT OF MANDAMUS

ADAM P. SAVITT
ROBERT A. ATKINS
YAHONNES CLEARY
JONATHAN H. HURWITZ
AMITAV CHAKRABORTY
ARIELLE B. MCTOOTLE
ROBERT KLEIN
PAUL, WEISS, RIFKIND,
   WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
Tel.: (212) 373-3000
Fax: (212) 757-3990
asavitt@paulweiss.com
ratkins@paulweiss.com
ycleary@paulweiss.com
jhurwitz@paulweiss.com
achakraborty@paulweiss.com
amctootle@paulweiss.com
rklein@paulweiss.com

STUART NAIFEH
LEAH ADEN
KATHRYN SADASIVAN
VICTORIA WENGER
NAACP LEGAL DEFENSE AND
   EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
Tel: (212) 965-2200
snaifeh@naacpldf.org
laden@naacpldf.org
ksadasivan@naacpldf.org
vwenger@naacpldf.org

R. JARED EVANS
I. SARA ROHANI
NAACP LEGAL DEFENSE AND

SOPHIA LIN LAKIN
AMERICAN CIVIL LIBERTIES
   UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
slakin@aclu.org

SARAH BRANNON
MEGAN C. KEENAN
AMERICAN CIVIL LIBERTIES
   UNION FOUNDATION
915 15th St., NW
Washington, DC 20005
sbrannon@aclu.org
mkeenan@aclu.org

T. ALORA THOMAS-LUNDBORG
ELECTION LAW CLINIC
HARVARD LAW SCHOOL
6 Everett Street, Ste. 4105
Cambridge, MA 02138
tthomaslundborg@law.harvard.edu

EDUCATIONAL FUND, INC.
700 14th Street N.W. Ste. 600
Washington, DC 20005
Tel: (202) 682-1300
*jevans@naacpldf.org*
*srohani@naacpldf.org*

JOHN ADCOCK
ADCOCK LAW LLC
3110 Canal Street
New Orleans, LA 70119
Tel: (504) 233-3125
Fax: (504) 308-1266
*jnadcock@gmail.com*

NORA AHMED
STEPHANIE WILLIS
ACLU FOUNDATION OF LOUISIANA
1340 Poydras St, Ste. 2160
New Orleans, LA 70112
Tel: (504) 522-0628
*nahmed@laaclu.org*
*swillis@laaclu.org*

TRACIE WASHINGTON
LOUISIANA JUSTICE INSTITUTE
Suite 132
3157 Gentilly Blvd.
New Orleans, LA 70122
Tel: (504) 872-9134
*tracie.washington.esq@gmail.com*

# CERTIFICATE OF INTERESTED PERSONS

Pursuant to Fifth Cir. R. 28.2.1, the undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualifications or recusal.

**Petitioners**: State of Louisiana, by and through Attorney General Jeff Landry, represented by Louisiana's Office of the Attorney General attorneys Elizabeth Baker Murrill, Angelique Duhon Freel, Carey T. Jones, Jeffrey Michael Wale, Morgan Brungard, and Shae McPhee; and by Holtzman Vogel Baran Torchinsky & Josefiak PLLC attorneys Jason B. Torchinsky, Edward M. Wenger, and Phillip Michael Gordon. R. Kyle Ardoin, in his official capacity as Secretary of State for Louisiana, represented by Shows, Cali & Walsh, LLP attorney John Carroll Walsh; and by Nelson Mullins Riley & Scarborough LLP attorneys Alyssa Riggins, Phillip Strach, and Thomas A. Farr.

**Respondents**: Press Robinson, Edgar Cage, Dorothy Nairne, Edwin Rene Soule, Alice Washington, Clee Earnest Lowe, Davante Lewis, Martha Davis, Ambrose Sims, National for the Advancement of

Colored People Louisiana State Conference (NAACP), Power Coalition for Equity and Justice, represented by Paul, Weiss, Rifkind, Wharton & Garrison LLP attorneys Adam Savitt, Amitav Chakraborty, Jonathan Hurwitz, Robert A. Atkins, Yahonnes Cleary, Arielle McTootle, and Robert Klein; and by the NAACP Legal Defense Fund attorneys Jared Evans, Leah C. Aden, I. Sara Rohani, Stuart C. Naifeh, and Victoria Wenger; and by ACLU of Louisiana attorneys Nora Ahmed, and Stephanie Willis; and by the ACLU attorneys Sarah E Brannon, Sophia Lin Lakin, and Megan C. Keenan; and by Harvard Law School Election Law Clinic attorney Tiffany Alora Thomas-Lundborg; and by attorneys Tracie L. Washington; and John Nelson Adcock.

**Respondents**: Edward Galmon, Sr., Ciara Hart, Norris Henderson, and Tramelle Howard, represented by Elias Law Group LLP attorneys Abha Khanna, Jacob D. Shelly, Jonathan Patrick Hawley, and Qizhou Ge; and by Walters Thomas Cullens, LLC attorneys J. E. Cullens, Jr., Andrée Matherne Cullens, and S. Layne Lee.

SEPTEMBER 20, 2023

/s/ *Adam Savitt*
ADAM SAVITT

Attorney For Appellees

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS .......................................IV

TABLE OF AUTHORITIES .................................................. VII

STATEMENT REGARDING ORAL ARGUMENT .................................. 1

INTRODUCTION ................................................................. 2

STATEMENT OF THE CASE ................................................. 6

REASONS WHY THE WRIT SHOULD NOT ISSSUE .......................... 14

I.   PETITIONERS HAVE NOT ESTABLISHED A "CLEAR
     AND INDISPUTABLE RIGHT" TO ENCROACH UPON
     THE DISTRICT COURT'S MANAGEMENT OF ITS OWN
     DOCKET. ....................................................................... 15

II.  PETITIONERS FAIL TO DEMONSTRATE THAT THEY
     HAVE "NO OTHER ADEQUATE MEANS" TO OBTAIN
     RELIEF. ........................................................................ 21

III. MANDAMUS IS NOT "APPROPRIATE UNDER THE
     CIRCUMSTANCES" ...................................................... 23

CONCLUSION ................................................................... 24

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen* v. *Milligan,*
  143 S. Ct. 1487 (2023) ................................................. 5, 6, 12

*Ardoin* v. *Robinson,*
  142 S. Ct. 2892 (2022) .......................................................... 12

*Ardoin* v. *Robinson,*
  143 S. Ct. 2654 (2023) ..................................................... 6, 13

*Ardoin* v. *Robinson,*
  No. 21A814 (June 17, 2022)................................... 12, 13, 21

*In re Depuy Orthopaedics, Inc.,*
  870 F.3d 345 (5th Cir. 2017)....................... 8, 16, 18, 23, 25

*Ex parte Fahey,*
  332 U.S. 258 (1947) ............................................................. 16

*Gibson* v. *Blackburn,*
  744 F.2d 403 (5th Cir. 1984).............................................. 25

*In re Itron, Inc.,*
  31 F. App'x 664 (Fed. Cir. 2002)........................................ 18

*In re Jeff Landry,*
  No. 23-30642 (5th Cir. 2023) ......................................... 6, 22

*In re JPMorgan Chase & Co.,*
  916 F.3d 494 (5th Cir. 2019)............................................... 25

*June Med. Servs., L.L.C.* v. *Phillips,*
  2022 WL 4360593 (5th Cir. Sept. 28, 2022)...................... 18

*Landis* v. *N. Am. Co.,*
  299 U.S. 248 (1936) ............................................................. 17

*Major* v. *Treen,*
574 F. Supp. 325 (E.D. La. 1983) ........................................ 8

*Milligan* v. *Allen,*
2023 WL 5691156 (N.D. Ala. Sept. 5, 2023) ..................................... 21

*Robinson* v. *Ardoin,*
37 F.4th 208 (5th Cir. 2022) ....................................... *passim*

*Robinson* v. *Ardoin,*
605 F. Supp. 3d 759 (M.D. La. 2022) ........................................ *passim*

*Rocky* v. *King,*
900 F.2d 864 (5th Cir. 1990) ............................................... 21

*Singleton* v. *Merrill,*
582 F. Supp. 3d 924 (N.D. Ala. 2022) ................................... 20

*St. Paul Fire & Marine Ins. Co.* v. *Bary,*
438 U.S. 531 (1978) ................................................ 21

*Students for Fair Admissions v. President & Fellows of
Harvard College,*
143 S. Ct. 2141 (2023) ............................................. 6

*Thornburg* v. *Gingles,*
478 U.S. 30 (1986) ......................................... 6, 10

*Topalian* v. *Ehrman,*
954 F.2d 1125 (5th Cir. 1992) ........................................ 18

**Statutes**

52 U.S.C. § 10301 (Voting Rights Act of 1965) ............................... *passim*

**Other Authorities**

Federal Rules of Appellate Procedure Rules 10(e)(2)(C) and
28(j) ..................................................... 13, 24, 25

Federal Rules of Evidence Rule 201 ....................................... 25

U.S. Const. art. I § 2 ...................................................................... 9

# STATEMENT REGARDING ORAL ARGUMENT

This mandamus petition is about whether ordinary docket management decisions of a district court—such as whether and when to set a case for trial and whether and when to hold a hearing on the appropriate remedy on a preliminary injunction—should be overridden by this Court on mandamus.

As set forth herein, the petition, in which Petitioners ask this Court to vacate the district court's scheduled remedial hearing before it occurs and to instruct the district court to set a trial date, satisfies none of the well-settled principles for the issuance of a mandamus. In these circumstances, Respondents submit that oral argument is unlikely to assist the Court in resolving the petition. Respondents further submit that the legal arguments on which Petitioners rest the petition—principally that the preliminary injunction is allegedly moot—have already been fully briefed on Petitioners' merits appeal and should be addressed by the merits panel, which is scheduled to hear oral argument on October 6, 2023, little more than two weeks from now.

## INTRODUCTION

Petitioners' mandamus petition should be denied because none of the settled requirements for issuance of such an extraordinary writ is satisfied. *First*, Petitioners have not established a "clear and indisputable right" to relief. On the contrary, the relief Petitioners seek—to vacate the remedial hearing scheduled by the district court for October 3–5, 2023, and to direct the district court to schedule a trial on the merits—is that this Court override the district court's management of its own docket. This Court, however, has consistently adhered to the principle that management of the district court's docket is a matter left to the discretion of that court, and has accordingly denied mandamus petitions seeking such relief.

Petitioners' principal argument in support of their petition is that the preliminary injunction is moot in view of the fact that, as a result of the Supreme Court's stay, the 2022 congressional elections were held pursuant to the likely unlawful enacted plan. That argument, however, ignores the scope of the district court's preliminary injunction, which is not limited to the 2022 election but instead enjoins the Secretary of State from "conducting any congressional elections" under the enacted plan.

*Robinson* v. *Ardoin*, 605 F. Supp. 3d 759, 766 (M.D. La. 2022). The sweep of that ruling is consistent with the district court's finding that vote dilution and the consequent abridgement of the fundamental right to vote constitutes irreparable injury, and that the injury will persist after the 2022 election "unless the map is changed for 2024." *Id.* at 851–52.

Petitioners' argument that the injunction is moot is squarely inconsistent with the Supreme Court's recent ruling in *Allen* v. *Milligan*, 143 S. Ct. 1487 (2023), and Petitioners' statements to the Supreme Court in this case. The Court in *Allen*, in substantially similar circumstances, affirmed a comparably worded injunction approximately six months after the 2022 election, with no suggestion that the Court lacked subject matter jurisdiction because the injunction was moot. *Id.* Had the 2022 elections rendered the injunction at issue moot, the Court undoubtedly would have raised the issue sua sponte. Likewise, in their letters to the Supreme Court following *Allen* urging the Court to set their appeal from the district court's preliminary injunction in this case for briefing and argument, Petitioners nowhere suggested that the injunction was moot or that the Court lacked jurisdiction.

Petitioners' other arguments likewise do not warrant mandamus. Courts routinely enter remedial orders pursuant to preliminary injunctions pending final resolution on the merits, and there is no basis for Petitioners' suggestion that doing so somehow violates due process. Likewise, Petitioners' argument that *Allen* and *Students for Fair Admissions* v. *President & Fellows of Harvard College*, 143 S. Ct. 2141 (2023) ("*SFFA*"), reflect a "changing legal landscape" has no merit. Petition for Writ of Mandamus at 23, *In re Jeff Landry*, No. 23-30642, (Sep. 15, 2023) (Doc. 2-1). In *Allen*, the Supreme Court squarely reaffirmed the standards that the Court adopted nearly forty years ago in *Thornburg* v. *Gingles*, 478 U.S. 30 (1986)—the same standards that the district court applied in issuing a preliminary injunction here—and expressly declined the defendants' invitation "to recast our § 2 case law as Alabama requests." *Allen*, 143 S. Ct. at 1507. Petitioners themselves acknowledged in a submission to the Supreme Court that, following *Allen*, "the law in the section 2 context has not substantially changed." Petitioners' Supplemental Letter Requesting Establishment of Briefing and Argument Schedule, *Ardoin* v. *Robinson*, No. 21A814 (June 14, 2023). As for *SFFA*, that case involved efforts by universities to achieve

diversity through affirmative action programs; it has nothing to do with the Voting Rights Act or the proper use of race in remedying violations of the Act.

*Second*, Petitioners cannot demonstrate that they have no adequate means other than mandamus to obtain relief. Their arguments regarding alleged mootness and the implications of *Allen* and *SFFA* can be and have been fully briefed on their merits appeal, and that appeal is scheduled to be argued on October 6, 2023, in little more than two weeks. *See* Appellants' Reply Brief at 5–8 , *Robinson*, 37 F.4th 208 (5th Cir. 2022) (Doc.248); Appellants' Supplemental Brief at 3 n.1, *Robinson*, 37 F.4th 208 (5th Cir. 2022) (Doc. 260-1). Any objections Petitioners may have to additional rulings by the district court following the forthcoming remedial hearing can likewise be presented to this Court on appeal in the ordinary course.

*Third*, Petitioners cannot show that mandamus is appropriate under the circumstances. No doubt this case is of enormous importance to Louisiana voters; it is particularly important to Plaintiffs and other Black Louisiana voters whose votes the district court has held have likely been (and likely continue to be) unlawfully diluted. But the relevant

standard is not whether the case in which a mandamus is sought is important. It is, rather, whether the importance of the issue presented extends "beyond the immediate case." *In re Depuy Orthopaedics, Inc.*, 870 F.3d at 352. The unusual procedural circumstances here—including, in particular, the stay issued by the Supreme Court after the issuance of a preliminary injunction but before a scheduled remedial hearing, the subsequent dismissal of certiorari as improvidently granted, and the vacatur of that stay—are unlikely to recur, and the issues Petitioners raise principally pertain to how the district court should manage its docket. And, as noted, Petitioners have ample opportunity to urge their position on appeal in the ordinary course.

Mandamus is not appropriate here, and the petition should be denied.

## STATEMENT OF THE CASE

For nearly 40 years, and with the exception of a brief period in the early 1990s, only one of Louisiana's now six congressional districts has had a Black majority population. That single majority-Black district was only established after a federal court found that the State's prior

congressional district plan violated §2. *Major* v. *Treen*, 574 F. Supp. 325, 355 (E.D. La. 1983).

The 2020 census revealed that Louisiana's population had grown and that its growth since 2010 had been driven entirely by growth in its minority populations. *Robinson*, 605 F. Supp. 3d at 778–79. As of 2020, Black citizens represented approximately 31.2% of the state's voting age population. In accordance with its constitutional obligations, *see* U.S. Const. art. I § 2, the State was required to redraw its congressional district boundaries to ensure compliance with the one-person, one-vote principle. It was also required to do so in compliance with the requirements of the Voting Rights Act of 1965 ("VRA").

Despite its obligations, and ignoring both the state's minority population growth, extreme levels of racially polarized voting, and the existence of alternative maps that would have satisfied traditional redistricting principles and allowed Black voters with shared interests to be combined in a second majority-Black district, on March 30, 2022, the Louisiana Legislature overrode a gubernatorial veto and adopted a congressional redistricting plan (H.B. 1) that provided for only one majority-Black district. *Robinson*, 605 F. Supp. 3d at 768.

Plaintiffs commenced this action the same day, and on April 15, 2022, little more than two weeks later, moved to enjoin the use of the enacted map on the ground that it violated Section 2 of the VRA. Over a five-day preliminary injunction hearing held in May 2022, the district court reviewed 244 exhibits and heard testimony from 22 witnesses, including 15 expert witnesses and seven fact witnesses. Petitioners called a total of 9 witnesses and extensively cross-examined the witnesses called by Respondents.

On June 6, 2022, the Court issued a 152-page ruling granting the motion for a preliminary injunction. The district court found that (i) Plaintiffs are substantially likely to prevail on each of the preconditions for establishing Section 2 liability under *Thornburg* v. *Gingles*, 478 U.S. 30, 46 (1986), and, as *Gingles* also requires, with regard to the totality of circumstances; and (ii) that H.B. 1 therefore likely dilutes the votes of Black Louisianans in violation of § 2 of the VRA. 52 U.S.C. § 10301. The district court preliminarily enjoined Petitioner Ardoin, the Louisiana Secretary of State, from "conducting any congressional elections under the map enacted by the Louisiana Legislature in H.B. 1." *Robinson*, 605 F. Supp. 3d at 766.

While recognizing the need for the expeditious adoption of a VRA-compliant map in light of the forthcoming 2022 elections, the district court nevertheless provided the Legislature with the first opportunity to adopt a remedial map by June 20, 2022. The court stated further that if the Legislature failed to pass a remedial map by that date, the Court would take necessary steps to enact a lawful remedial plan. *Id.* at 766–67. In providing the Legislature with the opportunity to enact a remedial map, the Court emphasized that "[t]he Legislature would not be starting from scratch; bills were introduced during the redistricting process that could provide a starting point, as could the illustrative maps in this case, or the maps submitted by the *amici*." *Id.* at 856. Indeed, multiple maps compliant with the VRA had already been introduced in the Legislature's Regular Session and introduced into the preliminary injunction hearing record. Despite the five-day Special Session called from June 15 to June 20, 2022, by the Governor, the Legislature was unable to enact a compliant remedial map.

Petitioners immediately appealed to the Fifth Circuit and concurrently sought a stay of the preliminary injunction and remedial hearing process. On June 12, 2022, a unanimous motions panel denied

the stay request, largely deferring to the careful factual findings of the district court, and concluding that Petitioners had not "met their burden of making a 'strong showing' of likely success on the merits." *See Robinson* v. *Ardoin*, 37 F.4th 208, 215 (5th Cir. 2022). Petitioners appealed to the Supreme Court and sought a writ of certiorari before judgment, arguing that "this case presents the same question" as that of the then-pending case of *Allen* v. *Milligan* (known then as *Merrill v. Milligan*). *See* Petitioners' Emergency Application for Administrative Stay, Stay Pending Appeal, and Petition for Writ of Certiorari Before Judgment, *Ardoin* v. *Robinson*, No. 21A814 (June 17, 2022). Meanwhile, the Legislature failed to enact a compliant remedial map and the district court set a June 29, 2022 start date for a remedial hearing. Order at 2, *Robinson* v. *Ardoin*, 605 F. Supp. 759 (M.D. La. 2022) (ECF No. 206).

Just before the remedial hearing was scheduled to commence however, the Supreme Court granted Petitioners' request for certiorari before judgment and directed that the case be "held in abeyance" pending the Court's ruling in *Allen*. *Ardoin* v. *Robinson*, 142 S. Ct. 2892 (2022).

After the Supreme Court issued its ruling in *Allen*, Petitioners asked the Supreme Court to set this case "for oral argument and briefing

on the merits in the normal course." Petitioners' Letter Requesting Establishment of Briefing and Argument Schedule, *Ardoin* v. *Robinson*, No. 21A814 (June 8, 2023). Petitioners acknowledged in a subsequent letter in support of that application that, following *Allen*, "the law in the section 2 context has not substantially changed." *See* Petitioners' Supplemental Letter Requesting Establishment of Briefing and Argument Schedule, *Ardoin* v. *Robinson*, No. 21A814 (June 14, 2023). On June 26, 2023, however, the Supreme Court dismissed the writ of certiorari as improvidently granted, vacated the stay it had previously entered, and noted that the vacatur of the stay "will allow the matter to proceed before the Court of Appeals for the Fifth Circuit for review in the ordinary course and in advance of the 2024 congressional elections in Louisiana." *Ardoin* v. *Robinson*, 143 S. Ct. 2654 (2023)

By order issued June 28, 2023, this Court requested that the parties file letters by July 6, 2023, "addressing whether this court should remand the appeal to allow the district court to consider the new authority." Court Directive at 1, *Robinson*, 37 F.4th 208 (5th Cir. 2022) (Doc. 242). The Court also requested that the parties file supplemental briefs addressing the Supreme Court's *Allen* decision and any other

developments or case law that would have been appropriate for Rule 28(j) letters while the case was held in abeyance. *Id.*

In their letter to the Court dated July 6, 2023, Petitioners urged the Court to "vacate and remand the matter in light of" *Allen* and *SFFA*. July 6, 2023 Appellants' Letter at 1, *Robinson* v. *Ardoin*, 37 F.4th 208 (5th Cir. 2022) (Doc. 246). Petitioners further asked the Court to "direct the district court to conduct a trial on the merits and reach a final judgment in advance of the 2024 congressional elections in Louisiana." *Id.* at 2. Petitioners argued that plaintiffs' request for a preliminary injunction "is now moot" in light of the 2022 elections, and that "[v]acatur and remand is the optimal case-management approach under the circumstances." *Id.* at 3, 4.

In their reply brief filed July 2019, 2023, Petitioners likewise argued that this case was moot in light of the fact that the 2022 congressional elections were held under H.B. 1. Appellants' Reply Brief at 5–8, *Robinson*, 37 F.4th 208 (5th Cir. 2022) (Doc. 248). Petitioners argued in their supplemental brief to this Court, as they do here, that the district court's preliminary injunction should be vacated in light of *Allen* and *SFFA*. Appellants' Supplemental Brief at 1–3, *Robinson*, 37 F.4th

208 (5th Cir. 2022) (Doc. 260-1). The Court has taken no action in response to Petitioners' request, and oral argument is now scheduled for October 6, 2023. Scheduling Order, *Robinson*, 37 F.4th 208 (5th Cir. 2022) (Doc. 280).

In light of the Supreme Court's vacatur of its order holding the case in abeyance, the district court has resumed the proceedings it had begun in June 2022. The hearing on the remedial map has been set to begin October 3, 2023. *See* Order Setting Prehearing Deadlines at 2, 605 F. Supp. 759 (M.D. La. 2022) (ECF No. 275).

On August 25, 2023, Petitioners moved in the district court to cancel the scheduled remedial hearing and to enter a scheduling order for trial. Emergency Motion to Cancel Remedial Hearing, *Robinson*, 605 F. Supp. 759 (M.D. La. 2022) (ECF No. 260). On August 29, 2023, the district court denied Petitioners' motion. Order at 1–2, *Robinson*, 605 F. Supp. 759 (M.D. La. 2022) (ECF No. 267). The court noted that the case had already been "extensively litigated," including through evidence and testimony presented at the five-day preliminary injunction hearing and in hundreds of pages of pre-and post-hearing briefing, all culminating in the Court's preliminary injunction ruling. *Id*. The court further noted

that "[t]he preparation necessary for the remedial hearing was essentially complete, in that plaintiffs had proposed a remedial map (and defendants elected not to propose such a map); witnesses and exhibits for the remedial hearing were disclosed; expert reports were exchanged; and defendants deposed plaintiffs' experts." *Id*. at 2. Accordingly, the court found, "based on the remaining issues before it, there is adequate time to update the discovery needed" for a remedial hearing on October 3–5. *Id*. While the court has not yet scheduled a trial on the merits, nowhere has it stated that a trial on the merits will not be held or cannot be held well in advance of the 2024 elections.

Petitioners now seek by this mandamus petition to make an end run around the district court's broad authority to manage its own caseload and around the Fifth Circuit panel set to consider their preliminary injunction appeal and mootness argument.

## REASONS WHY THE WRIT SHOULD NOT ISSSUE

An appellate court's mandamus authority should be "reserved for really extraordinary causes," *Ex parte Fahey*, 332 U.S. 258, 259–60 (1947). Mandamus is only appropriate where (i) there is a "clear and indisputable right to a writ"; (ii) there are "no other adequate means" to

obtain relief; and (iii) relief is "appropriate under the circumstances." *See In re Deputy Orthopaedics, Inc.*, 870 F.3d at 350–51. If the Petitioners fail to satisfy even one of these requirements, that would be dispositive against issuing this extraordinary relief. *Id.* at 353. Here, where Petitioners seek to impose a trial schedule on the district court, and seek to lift a preliminary injunction that is already on appeal (and fully briefed) before this Court, and, in any event, has no bearing on the resolution of a merits trial, Petitioners can satisfy none of these prongs.

## I. Petitioners have not established a "clear and indisputable right" to encroach upon the district court's management of its own docket.

Petitioners fail to demonstrate a clear and indisputable right to mandamus relief. That "require[s] more than showing that the court misinterpreted the law, misapplied it to the facts, or otherwise engaged in an abuse of discretion." *Id.* at 350–51. Where a matter is committed to a district court's discretion, "we review only for clear abuses of discretion that produce patently erroneous results." *Id.* at 351.

Few matters are as firmly committed to a district court's discretion as the management of its own docket. It is black letter law that there is "power inherent in every court to control the disposition of the causes on

its docket with economy of time and effort for itself, for counsel, and for litigants." *See Landis* v. *N. Am. Co.*, 299 U.S. 248, 254 (1936). A district court's exercise of that power requires an "exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254–55; *Topalian* v. *Ehrman*, 954 F.2d 1125, 1139 (5th Cir. 1992) ("District courts generally are afforded great discretion regarding trial procedure applications (including control of the docket and parties).").

Consistent with this principle, therefore, this Court and other reviewing courts have regularly denied mandamus petitions seeking to alter a district court's judgment on how to manage its own docket. *See, e.g., June Med. Servs., L.L.C.* v. *Phillips*, 2022 WL 4360593, at *2 (5th Cir. Sept. 28, 2022) (denying mandamus petition concerning the district court's denial of a motion to "vacate forthwith or within two days" an injunction, and the denial of a motion that the district court reconsider its denial by the following day); *In re Depuy Orthopaedics, Inc.*, 870 F.3d at 350–51 (denying a writ of mandamus to prohibit a district court from moving forward with a bellwether trial in an MDL case); *In re Itron, Inc.*, 31 F. App'x 664, 665 (Fed. Cir. 2002) (denying a mandamus petition where a district court "ordered a short stay and stated that the trial will

be set" later in the year, holding that "[b]oth decisions are well within the discretion of the district court to manage its own docket and promote judicial efficiency.").

Petitioners appear to argue that they are entitled to relief because it is "clear" and "indisputable" that the district court does not have jurisdiction to hold the preliminary injunction remedial hearing. Petitioners argue—as they have already before this Court—that the preliminary injunction has either expired or is moot. *See* July 6, 2023 Appellants' Letter at 3, *Robinson* v. *Ardoin*, 37 F.4th 208 (5th Cir. 2022) (Doc. 246) (again arguing that Respondents have "no live claim of irreparable harm" because Louisiana has already conducted elections under unlawful maps and urging that vacatur of the preliminary injunction and remand is the "optimal case-management approach"); July 19, 2023 Appellants' Reply Brief at 7, *Robinson*, 37 F.4th 208 (5th Cir. 2022) (Doc. 248) (where Petitioners again argue that Respondents "have no live claim of irreparable harm"); Appellants' Supplemental Brief at 3 n.1, *Robinson*, 37 F.4th 208 (5th Cir. 2022) (Doc. 260-1) (reiterating the argument that the "appeal is moot"). The issue whether the preliminary injunction is moot has been briefed before the merits panel

of this Court and will be before the Court during the oral argument on the preliminary injunction scheduled for October 6, 2023.

While this Court need not resolve the merits of the issue on a petition for mandamus, the district court's preliminary injunction is decidedly *not moot*. The district court's injunction is not limited to the 2022 elections. On the contrary, the court enjoined the Louisiana Secretary of State from "conducting *any* congressional elections under the map enacted by the Louisiana Legislature in H.B. 1." *Robinson*, 605 F. Supp. at 766 (emphasis added). Petitioners point to nothing in the preliminary injunction that limits its scope to the 2022 Congressional elections.

Petitioners' argument is contrary to the actions of the Supreme Court in *Milligan*. In that case, the Court affirmed a similarly worded injunction approximately six months after the 2022 election. *See Singleton*, 582 F. Supp. 3d 924, 936 (N.D. Ala. 2022) (enjoining Alabama Secretary of State Merrill "from conducting *any* congressional elections according" to the enacted map) (emphasis added).[1] Mootness would have

---

[1] The *Milligan* district court has since rejected a similar argument made by the defendants in that case and reiterated that the case is not moot: "Black Alabamians

deprived the Court of subject matter jurisdiction over the injunction under review, and the Court could properly have addressed that issue sua sponte if it had any concerns that the case was moot. *St. Paul Fire & Marine Ins. Co.* v. *Bary*, 438 U.S. 531, 537 (1978) ("Although not raised by the parties, this issue [i.e., mootness] implicates our jurisdiction."); *Rocky* v. *King*, 900 F.2d 864, 866 (5th Cir. 1990) (recognizing that mootness bears on jurisdiction and "quite clearly can be raised sua sponte"). The Court plainly did not conclude that the occurrence of the 2022 election rendered the case before it moot.

Petitioners themselves have recognized that this case is not moot. Following the decision in *Milligan*, Petitioners asked the Supreme Court to set the case for merits briefing and oral argument. *See* Petitioners' Letter Requesting Establishment of Briefing and Argument Schedule, *Ardoin* v. *Robinson*, No. 21A814 (June 8, 2023). Nowhere in their letter did they suggest that the appeal was moot or should be dismissed for lack of jurisdiction. Had they believed that the 2022 election mooted the

---

will be forced, if we do not address the matter, to continue to vote under a map that we have found likely violates Section Two." *Milligan* v. *Allen*, No. 2:21-CV-1291-AMM, 2023 WL 5691156, at *46 n.20 (N.D. Ala. Sept. 5, 2023). That, the court held, "constitutes a live and ongoing injury." *Id.*

injunction, Petitioners could not have properly asked the Court to review their appeal from the injunction on the merits.

Petitioners also appear to argue that they have a clear right to mandamus because (i) they "were prevented from fulsomely defending [their] case by virtue of the expedited preliminary-injunction proceedings," and (ii) "the resulting preliminary-injunction opinion from the Court did not fully resolve—and as a matter of law, could not have fully resolved—the merits of the Plaintiffs Section 2 claims." Petition for Writ of Mandamus at 23, *In re Jeff Landry*, No. 23-30642, Doc. 2-1 (Sep. 15, 2023), Doc. 2-1. But Petitioners do not explain why those reasons, even if true, support mandamus as opposed to any other form of relief, including on their pending merits appeal. In any event, the expedited nature of the preliminary injunction proceedings in the district court were entirely appropriate in light of the rapidly approaching election (indeed, Petitioners argued in the district court that it was *too late* for the injunction to be issued because doing so would interfere with the election, *Robinson*, 605 F. Supp. 3d at 852-56). And, as the motion panel noted, the limited scope of the record Petitioners developed at the hearing was a result of their own "tactical choice . . . to put all their eggs in the basket

of racial gerrymandering"—a choice that, as the panel noted, "has consequences." *Robinson*, 37 F.4th at 217-18. Finally, Petitioners' complaints about the purported lack of time to develop a full factual record, if anything, counsel *in favor* of district court deference to determine when in its schedule a trial of this magnitude and complexity is most appropriate.

## II.  Petitioners fail to demonstrate that they have "no other adequate means" to obtain relief.

Plaintiffs obligated to show that they have no means to obtain relief other than mandamus confront "a high bar: The appeals process provides an adequate remedy in almost all cases, even where defendants face the prospect of an expensive trial." *In re Depuy Orthopaedics, Inc.*, 870 F.3d at 352.

Petitioners do not clear this high bar.  There is no irreparable injury to Petitioners if the district court proceeds as planned with the remedial hearing and adopts a remedial map.  Petitioners can appeal in the ordinary course (as they already have), challenge on such an appeal any remedial map the district court may adopt, and attempt again to stay the injunction pending appeal.  But there is nothing inconsistent with adopting a remedial map and at the same time moving forward with a

trial on the merits, and the district court has never suggested that it plans to forgo trial.

Petitioner implies that the fully briefed merits appeal of the preliminary injunction is inadequate because the record on appeal is incomplete and fails to include intervening events. This Court, however, has the benefit of substantial, up-to-date, briefing from both parties on the merits. Indeed, due to the Supreme Court's intervening stay, Petitioners had until July 17, 2023 to file their reply brief on appeal. And, as noted, that brief makes the same mootness argument Petitioners urge here. The merits panel also expressly requested supplemental briefing (which was completed Sept. 6, 2023) addressing the impact of the Supreme Court's decision in *Milligan* "and any other developments or caselaw that would have been appropriate for Rule 28(j) letters over the past year." Court Directive at 1, *Robinson*, 37 F.4th 208 (5th Cir. 2022) (Doc. 242). That briefing encompassed the impact on the law—if any—of the Supreme Court's *Milligan* and *SFFA* decisions. There is no prejudice or irreparable harm if Petitioners are required to follow the ordinary

course and contest the preliminary injunction and any remedial orders the district court may issue on appeal.[2]

## III. Mandamus Is Not "Appropriate under the Circumstances"

Petitioners must independently establish that a writ of mandamus is "appropriate under the circumstances." *In re Depuy Orthopaedics, Inc.*, 870 F.3d at 352. This they cannot do. To guide the inquiry, this Court has looked to whether an issue's importance extends "beyond the immediate case." *Id.* Thus, it is not sufficient to argue that the case before the Court is important. For example, in *In re JPMorgan Chase & Co.*, 916 F.3d 494, 500 (5th Cir. 2019), the court found mandamus was appropriate where "[f]ederal district courts, in at least 210 decisions, have wrestled with the applicability of arbitration agreements at the conditional-certification stage of FLSA suits." *See id.* (specifying that 99 such cases "were in the past three years."). That is far afield from the circumstances here. Here, the parties and court were prepared to move

---

[2] The Petitioners also argue that there are more recent "irreparable harms" that will not be included in the record. But both parties have extensively briefed the irreparable harm prong of the preliminary injunction standard. Petitioners are free to draw any additional harms to the attention of the district court, and supplementing the appellate factual record may also be proper. *See, e.g., Gibson* v. *Blackburn*, 744 F.2d 403, 405 n.3 (5th Cir. 1984); Rules 10(e)(2)(C) and 28(j) of the Federal Rules of Appellate Procedure; Rule 201 of the Federal Rules of Evidence.

forward on the remedial hearing 12 months ago, after which Petitioners appealed, and, at Petitioners' insistence, the Supreme Court subsequently held the proceedings in abeyance. Petitioners do not attempt to show that this situation is likely to recur or that the issues presented extend beyond the immediate case.

## CONCLUSION

This Court should deny the petition for writ of mandamus.

Respectfully submitted,

SOPHIA LIN LAKIN
AMERICAN CIVIL LIBERTIES
  UNION FOUNDATION
  *125 Broad Street, 18th Floor*
  *New York, NY 10004*
  *slakin@aclu.org*

T. ALORA THOMAS-LUNDBORG
ELECTION LAW CLINIC
HARVARD LAW SCHOOL
  *6 Everett Street, Ste. 4105*
  *Cambridge, MA 02138*
  *tthomaslundborg@law.harvard.edu*
NORA AHMED
STEPHANIE WILLIS
ACLU FOUNDATION OF
  LOUISIANA
  *1340 Poydras St, Ste. 2160*
  *New Orleans, LA 70112*
  *Tel: (504) 522-0628*
  *nahmed@laaclu.org*
  *swillis@laaclu.org*

TRACIE WASHINGTON
LOUISIANA JUSTICE INSTITUTE
  *Suite 132*
  *3157 Gentilly Blvd.*
  *New Orleans, LA 70122*
  *Tel: (504) 872-9134*
  *tracie.washington.esq@gmail.com*

*/s/ Adam P. Savitt*
ADAM P. SAVITT
ROBERT A. ATKINS
YAHONNES CLEARY
JONATHAN H. HURWITZ
AMITAV CHAKRABORTY
ARIELLE B. MCTOOTLE
ROBERT KLEIN
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
  *1285 Avenue Of The Americas,*
  *New York, NY 10019*
  *Tel.: (212) 373-3000*
  *Fax: (212) 757-3990*
  *asavitt@paulweiss.com*
  *ratkins@paulweiss.com*
  *ycleary@paulweiss.com*
  *jhurwitz@paulweiss.com*
  *achakraborty@paulweiss.com*
  *amctootle@paulweiss.com*
  *rklein@paulweiss.com*

STUART NAIFEH
LEAH ADEN
KATHRYN SADASIVAN
VICTORIA WENGER
NAACP LEGAL DEFENSE AND
  EDUCATIONAL FUND, INC.
  *40 Rector Street, 5th Floor*
  *New York, NY 10006*
  *Tel: (212) 965-2200*
  *snaifeh@naacpldf.org*
  *laden@naacplef.org*
  *ksadasivan@naacpldf.org*
  *vwenger@naacpldf.org*

R. Jared Evans
I. Sara Rohani
NAACP Legal Defense and
  Educational Fund, Inc.
  700 14th Street N.W. Ste. 600
  Washington, DC 20005
  Tel: (202) 682-1300
  jevans@naacpldf.org
  srohani@naacpldf.org

Sarah Brannon
Megan C. Keenan
American Civil Liberties
  Union Foundation
  915 15th St., NW
  Washington, DC 20005
  sbrannon@aclu.org
  mkeenan@aclu.org

John Adcock
Adcock Law LLC
  3110 Canal Street
  New Orleans, LA 70119
  Tel: (504) 233-3125
  Fax: (504) 308-1266
  jnadcock@gmail.com

September 20, 2023

## CERTIFICATE OF SERVICE

I, Adam P. Savitt, a member of the Bar of this Court and counsel for appellees certify that, on September 20, 2023, a copy of the Respondents' Response Brief in Opposition to Petition for Writ of Mandamus was filed with the Clerk through the Court's electronic filing system. I further certify that all parties required to be served have been served.

/s/ *Adam P. Savitt*
ADAM P. SAVITT

## CERTIFICATE OF COMPLIANCE
## WITH TYPEFACE AND WORD-COUNT LIMITATIONS

I, Adam P. Savitt, a member of the Bar of this Court and counsel for appellees certify, pursuant to Federal Rule of Appellate Procedure 32(a)(7)(B) and Fifth Circuit Rule 32.3, that the Respondents' Response Brief in Opposition to Petition for Writ of Mandamus is proportionately spaced, has a typeface of 14 points or more, except for footnotes, which are 12 points, and contains 4,794 words.

/s/ Adam P. Savitt
ADAM P. SAVITT

September 20, 2023