No. 23-30642
═══════════════════════════

In the United States Court of Appeals
for the Fifth Circuit
───────────────────

PRESS ROBINSON, EDGAR CAGE, DOROTHY NAIRNE,
EDWIN RENE SOULE, ALICE WASHINGTON, CLEE
EARNEST LOWE, DAVANTE LEWIS, MARTHA DAVIS,
AMBROSE SIMS, NAACP LOUISIANA STATE
CONFERENCE, AND POWER COALITION FOR EQUITY
AND JUSTICE,
PLAINTIFFS-APPELLEES

*v.*

KYLE ARDOIN, SECRETARY OF STATE,
DEFENDANT-APPELLANT
───────────────────

EDWARD GALMON, SR., CIARA HART, NORRIS
HENDERSON, AND TRAMELLE HOWARD,
PLAINTIFFS-APPELLEES

*v.*

KYLE ARDOIN, SECRETARY OF STATE,
DEFENDANT-APPELLANT
───────────────────

*ON PETITION FOR WRIT OF MANDAMUS FROM*
*UNITED STATES DISTRICT COURT*
*FOR THE MIDDLE DISTRICT OF LOUISIANA*
*CIV. NO. 22-0211 & CIV. NO. 22-0214 (C.J. SHELLY D. DICK)*
───────────────────

***GALMON* RESPONSE IN OPPOSITION TO PETITION FOR
WRIT OF MANDAMUS**

═══════════════════════════

J. E. Cullens, Jr.
Andrée Matherne Cullens
S. Layne Lee
WALTERS, THOMAS,
CULLENS, LLC
12345 Perkins Road,
Bldg. One
Baton Rouge, LA 70810
(225) 236-3636
cullens@lawbr.net
acullens@lawbr.net
laynelee@lawbr.net

Abha Khanna
Jonathan P. Hawley
ELIAS LAW GROUP LLP
1700 Seventh Ave.
Suite 2100
Seattle, Washington 98101
(206) 656-0177
akhanna@elias.law
jhawley@elias.law

Jacob D. Shelly
Qizhou Ge
ELIAS LAW GROUP LLP
250 Massachusetts Ave, NW
Suite 400
Washington, D.C. 20001
(202) 968-4490
jshelly@elias.law
age@elias.law

Counsel for *Galmon*
Plaintiffs

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT ................................... 1

STATEMENT OF THE RELIEF SOUGHT ............................... 2

INTRODUCTION ................................................................. 3

STATEMENT OF THE CASE ................................................. 5

REASONS WHY THE WRIT SHOULD NOT ISSSUE .......................... 10

I.    Defendants have not established a "clear and indisputable right" to encroach upon the district court's management of its own docket or otherwise secure extraordinary relief. ................... 11

    A. The district court did not abuse its discretion in managing its own docket ................................................................. 11

    B. The district court's preliminary injunction is not moot. ........... 13

    C. Defendants fail to raise any new or relevant arguments that were not previously briefed before this Court's merits panel ... 17

II.   Petitioners fail to demonstrate that they have "no other adequate means" to obtain relief. ................................... 20

III.  Mandamus is inappropriate under these circumstances. ............. 23

CONCLUSION ..................................................................... 24

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. Milligan,*
    143 S. Ct. 1487 (2023) ................................................................ *passim*

*Ardoin v. Robinson,*
    No. 21A814 (U.S. June 17, 2022) ................................................ 8, 9, 16

*In re Depuy Orthopaedics, Inc.,*
    870 F.3d 345 (5th Cir. 2017) ............................................ 10, 12, 19, 20

*Ex parte Fahey,*
    332 U.S. 258 (1947) ......................................................................... 10

*Gibson v. Blackburn,*
    744 F.2d 403 (5th Cir. 1984) ........................................................... 22

*Hall v. West,*
    335 F.2d 481 (5th Cir. 1964) .......................................................... 4, 5

*In re Itron, Inc.,*
    31 F. App'x 664 (Fed. Cir. 2002) ..................................................... 12

*June Med. Servs., L.L.C. v. Phillips,*
    No. 22-30425, 2022 WL 4360593 (5th Cir. Sept. 28, 2022) ................ 12

*Landis v. N. Am. Co.,*
    299 U.S. 248 (1936) ......................................................................... 11

*Major v. Treen,*
    574 F. Supp. 325 (E.D. La. 1983) ...................................................... 5

*Robinson v. Ardoin,*
    37 F.4th 208 (5th Cir. 2022) (per curiam) ................................ 8, 18, 21

*Robinson v. Ardoin,*
    605 F. Supp. 3d 759 (M.D. La. 2022) ......................................... *passim*

iv

*Singleton v. Allen*,
  No. 2:21-CV-1291-AMM, 2023 WL 5691156 (N.D. Ala.
  Sept. 5, 2023) ................................................................. 15, 19

*Singleton v. Merrill*,
  582 F. Supp. 3d 924 (N.D. Ala. 2022) (per curiam) ........................... 15

*Students for Fair Admissions, Inc. v. President & Fellows of
  Harvard Coll.*,
  143 S. Ct. 2141 (2023) .......................................... 17, 19, 22

*Thornburg* v. *Gingles*,
  478 U.S. 30 (1986) ................................................ 6, 18

*Topalian v. Ehrman*,
  954 F.2d 1125 (5th Cir. 1992) ....................................... 11

**Statutes**

52 U.S.C. § 10301 ............................................................ *passim*

**Other Authorities**

Fed. R. App. P. 10(e)(2)(C) ................................................. 22

Fed. R. Evid. 201 ............................................................ 22

## STATEMENT REGARDING ORAL ARGUMENT

This mandamus petition is about whether the everyday docket-management decisions of a district court—like when to set a case for a final merits trial—may be overridden by this Court; specifically, where a preliminary injunction has issued on the basis of legal principles recently affirmed by the U.S. Supreme Court. Plaintiffs submit that oral argument is unlikely to assist the Court in resolving this petition and is instead likely to result in delay, and that the imminent oral argument on the merits of the preliminary-injunction appeal (scheduled for October 6) is likely to encompass the legal issues Defendants raise in their mandamus petition.

## STATEMENT OF THE RELIEF SOUGHT

Defendants seek, by their own terms, an "extraordinary remedy": a mandamus order that the district court must vacate an imminent hearing scheduled two months ago on the remedial phase of a preliminary injunction issued on June 6, 2022, which the Supreme Court subsequently held in abeyance until June 26, 2023, when it ordered the parties and the courts to move forward in the normal course. Defendants separately seek an order requiring the district court to schedule a final trial on the merits of Plaintiffs' claims, notwithstanding the district court's current schedule, on a date that is acceptable to this Court.

## **INTRODUCTION**

On June 6, 2022, the district court issued a 152-page opinion concluding that Louisiana's congressional map likely dilutes the voting strength of Black Louisianians in violation of Section 2 of the Voting Rights Act of 1965 ("VRA") and preliminarily enjoining the State from conducting congressional elections—"*any* congressional elections"— under the enacted map. *Robinson v. Ardoin*, 605 F. Supp. 3d 759, 766 (M.D. La. 2022) (emphasis added). In the intervening 15 months, though neither the law nor the equities have changed, Defendants have employed every conceivable legal mechanism to frustrate the district court's injunction and deny the preliminary relief to which Plaintiffs are entitled. Each attempt has been rejected—by the district court, by a unanimous motions panel of this court, and by the U.S. Supreme Court— based on binding precedent and the posture of the case.

Defendants now seek to improperly have this Court insert itself into the ordinary case management decisions of the district court, in an effort to run around the clear dictates of each of these decisions—including from the U.S. Supreme Court. They seek a writ of mandamus, a "drastic and extraordinary remed[y]" that is "reserved for really extraordinary

causes." *Hall v. West*, 335 F.2d 481, 482 (5th Cir. 1964) (quoting *Ex parte Fahey*, 332 U.S. 258, 260–61 (1947)). This case may be deeply important to the litigants and the people of Georgia, but it is not an extraordinary case of the sort that justifies the intrusion into the proceedings below that Defendants demand.

Quite to the contrary, Defendants object to the district court's routine docket-management decisions, which rest entirely within the district court's discretion. Defendants also argue that the preliminary injunction was intended only for the 2022 congressional elections and thus is now moot—an issue that has already been briefed before this Court and will be heard in the proper course. The argument is misguided in any event, since nothing in the district court's preliminary-injunction order, nor in any decision by the Supreme Court in this or any other case, suggests that the injunction terminated in 2022. In fact, the preliminary decision says the opposite: it enjoined Defendants from "conducting ***any*** congressional elections under the map enacted by the Louisiana Legislature in H.B. 1." *Robinson*, 605 F. Supp. 3d at 766 (emphasis added). Defendants' grounds for the drastic remedy of mandamus simply do not merit it.

This Court and the Supreme Court long ago made clear that the extraordinary remedy of mandamus—which has "the unfortunate consequence of making the judge a litigant, obliged to obtain personal counsel or to leave his defense to one of the litigants before him"—"should be resorted to only where appeal is a clearly inadequate remedy." *Id.* at 482 (quoting *Fahey*, 332 U.S. at 261). Here, the merits appeal of the preliminary injunction is already fully briefed before this Court— including supplemental submissions to address developments while the case was held in abeyance—with oral argument scheduled just two weeks from now. Far from being an inadequate remedy, the ordinary appellate process is well underway and will address the issues Defendants now raise in their petition. Mandamus is not appropriate here, and Defendants' petition should be expeditiously denied.

## STATEMENT OF THE CASE

For nearly 40 years, Louisiana's congressional map has included only one majority-Black district, which was first established after a federal court found that the state's prior congressional district plan violated Section 2 of the VRA. *See Major v. Treen*, 574 F. Supp. 325, 355 (E.D. La. 1983); 52 U.S.C. § 10301.

The 2020 census revealed that Louisiana's Black citizens now represent approximately 31.2% of the state's voting-age population. Despite the state's minority-population growth, the Legislature overrode a gubernatorial veto and adopted a congressional redistricting plan (H.B. 1) that provided only one district in which Black voters had the opportunity to elect their candidates of choice.

Plaintiffs commenced this action that same day and, on April 15, 2022, moved to enjoin the use of the enacted congressional map. Over the course of a five-day preliminary-injunction hearing held in May 2022, the district court reviewed 244 exhibits and heard testimony from 22 witnesses, including 15 expert and 7 fact witnesses. On June 6, 2022, the Court issued a 152-page ruling granting the motion for a preliminary injunction, finding that Plaintiffs are substantially likely to prevail on each of the preconditions for establishing Section 2 liability under *Thornburg* v. *Gingles*, 478 U.S. 30 (1986), taking into account the totality of the circumstances, and concluding that H.B. 1 therefore likely dilutes the votes of Black Louisianians in violation of Section 2. The district court accordingly enjoined Defendants from "conducting ***any*** congressional

elections under the map enacted by the Louisiana Legislature in H.B. 1."
*Robinson*, 605 F. Supp. 3d at 766 (emphasis added).

While recognizing the need for the expeditious adoption of a compliant map, the district court nevertheless provided the Legislature with the first opportunity to adopt a remedial map by June 20, 2022: only if the Legislature failed to pass a remedial map by that date would the district court take necessary steps to enact a lawful plan. In providing the Legislature the opportunity to enact a remedial map in the first instance, the district court emphasized that "[t]he Legislature would not be starting from scratch; bills were introduced during the redistricting process that could provide a starting point, as could the illustrative maps in this case, or the maps submitted by the *amici*." *Robinson*, 605 F. Supp. 3d at 857 (cleaned up). Indeed, multiple VRA-compliant maps containing two Black-opportunity districts had already been introduced during the Legislature's regular session and into the preliminary-injunction record. Despite this ample opportunity and a five-day special session held from June 15 to June 20, 2022, the Legislature failed to enact a remedial map.

Defendants immediately appealed to this Court and concurrently sought a stay of the preliminary injunction and remedial-hearing

process. On June 12, 2022, a unanimous motions panel denied the stay request, based on the well-established legal standard applied by the district court and the careful factual findings it made pursuant to that standard. *See Robinson v. Ardoin*, 37 F.4th 208 (5th Cir. 2022) (per curiam) ("The district court framed the legal question correctly."). Defendants then appealed to the Supreme Court and sought a writ of certiorari before judgment, arguing that "this case presents the same question" as that of the then-pending Alabama case. *See* Pet'rs' Emergency Appl. for Admin. Stay, Stay Pending Appeal, & Pet. for Writ of Cert. Before J. at 2, *Ardoin v. Robinson*, No. 21A814 (U.S. June 17, 2022).

Meanwhile, the district court set a June 29, 2022, start date for a remedial hearing. D. Ct. ECF No. 250; *Robinson*, 605 F. Supp. 3d at 858. Plaintiffs jointly submitted a proposed remedial map for the court's consideration, and the parties engaged in expedited briefing and discovery regarding that map. On the eve of the remedial hearing, however, the Supreme Court granted Defendants' requested stay— pausing remedial proceedings in the district court and appellate briefing

before this Court until June 2023, when the Supreme Court issued its decision in *Allen*.

On June 8, 2023, the Supreme Court issued its opinion in *Allen v. Milligan*, 143 S. Ct. 1487 (2023), affirming a preliminary injunction against Alabama's congressional map under Section 2 of the VRA. Defendants immediately requested that the Supreme Court retain jurisdiction and set a briefing schedule and oral argument in this case. Pet.' Letter Mot. Requesting Oral Argument and Briefing, *Ardoin v. Robinson*, No. 21A814 (U.S. June 8, 2022). The Supreme declined the invitation, dismissed the writ of certiorari as improvidently granted, and vacated the stay to "allow the matter to proceed before the Court of Appeals for the Fifth Circuit for review in the ordinary course and in advance of the 2024 congressional elections in Louisiana." *Ardoin v. Robinson*, No. 21A814 (U.S. June 26, 2022).

Consistent with the Supreme Court's vacatur, the district court resumed the proceedings it began in June 2022. On July 17, 2023, the district court set a hearing on the remedial map to take place October 3–5, 2023. Defendants have since tried repeatedly to avoid the remedial hearing, and neither the district court nor this Court has found those

requests to be persuasive. *See, e.g.*, D. Ct. ECF No. 267 (denying Defendants' Motion to Cancel Hearing on Remedy); 5th Cir. ECF No. 280-1 (scheduling oral argument in the regular course after Defendants argued the appeal was moot).

Now, seeking to make an end-run around the district court's broad authority to manage its own caseload and shut down the remedial hearing before it even starts, Defendants seek a writ of mandamus from this Court.

## **REASONS WHY THE WRIT SHOULD NOT ISSSUE**

Defendants provide no basis to justify mandamus relief under these circumstances. An appellate court's mandamus authority should be "reserved for really extraordinary causes" and is not a "substitute for appeal." *Fahey*, 332 U.S. at 259–60. Mandamus is appropriate *only* where (i) there is a "clear and indisputable right to a writ"; (ii) there are "no other adequate means" to obtain relief; and (iii) relief is "appropriate under the circumstances." *In re Depuy Orthopaedics, Inc.*, 870 F.3d 345, 350–51 (5th Cir. 2017). If Defendants fail to satisfy even one of these requirements, the writ application should be denied. Here, Defendants

satisfy none of these requirements and mandamus accordingly must be denied.

## I. Defendants have not established a "clear and indisputable right" to encroach upon the district court's management of its own docket or otherwise secure extraordinary relief.

Defendants fail to demonstrate a clear and indisputable right to mandamus relief, which "require[s] more than showing that the court misinterpreted the law, misapplied it to the facts, or otherwise engaged in an abuse of discretion." *Id.* at 350–51.

### A. The district court did not abuse its discretion in managing its own docket.

Defendants' dispute with the district court's discretionary scheduling decisions does not warrant mandamus relief. It is well-established law that there is "power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936); *see also Topalian v. Ehrman*, 954 F.2d 1125, 1139 (5th Cir. 1992) ("District courts generally are afforded great discretion regarding trial procedure applications (including control of the docket and parties)."). Where, like here, a matter is subject to the district court's discretion, this Court will "review only for clear abuses of discretion that

produce patently erroneous results." *In re Depuy Orthopaedics,* 870 F.3d at 351.

Given this high bar, reviewing courts regularly deny mandamus petitions seeking to alter a district court's discretionary judgment on how to manage its own docket. *See, e.g.,* *June Med. Servs., L.L.C.* v. *Phillips*, No. 22-30425, 2022 WL 4360593, at *2 (5th Cir. Sept. 28, 2022) (denying mandamus petition concerning district court's denial of motion to vacate injunction "forthwith or within two days"); *Depuy Orthopaedics*, 870 F.3d at 350–51 (denying writ of mandamus to prohibit district court from moving forward with bellwether trial in multidistrict litigation); *In re Itron, Inc.*, 31 F. App'x 664, 665 (Fed. Cir. 2002) (denying mandamus petition where district court "ordered a short stay and stated that the trial will be set" later, holding that "[b]oth decisions are well within the discretion of the district court to manage its own docket and promote judicial efficiency").

Defendants provide no reason to break from such settled precedent here. The district court has not only soundly exercised its discretion in setting its own schedule, but it has also gone above and beyond in providing the parties ample opportunity to weigh in on the appropriate

course of this litigation. *See, e.g.*, D. Ct. ECF No. 250 (noting telephone status conference and inviting parties to submit proposed pre-hearing scheduling orders). The fact that Defendants' preferences did not win out does not warrant a writ of mandamus.

## B. The district court's preliminary injunction is not moot.

Defendants' contention that the preliminary injunction has either expired or is moot is based on a blatant misreading of the injunction itself. Indeed, Defendants' argument on this score has not improved since it advanced the same argument before this Court[1] and the district court.[2]

---

[1] *See* Appellants' Letter at 3, *Robinson v. Ardoin*, (5th Cir. July 6, 2023), ECF No. 246, July 19, 2023 Appellants' Reply Br. At 5-8, *Robinson* (5th Cir. July 19, 2023), ECF No. 248 ("The actual conduct of the 2022 elections under the challenged scheme moots Plaintiffs' assertion of irreparable harm as to those elections."); August 07, 2023 Appellants' Suppl. Br., at 3 n.1, *Robinson* (5th Cir. Aug. 7, 2023), ECF No. 260-1 (reiterating argument that "appeal is moot").

[2] *See* D. Ct. ECF No. 243 (moving to cancel remedial hearings on grounds that preliminary-injunction stage was "simultaneously moot (the November 2022 elections are past) and unripe (the November 2024 election is not yet an imminent emergency)"); D. Ct. ECF No. 260 (filing emergency motion to cancel remedial hearing and arguing that "Plaintiffs are no longer likely to suffer irreparable harm in the absence of preliminary relief" because 2022 elections had already been held). Notably, the district court has repeatedly *rejected* these arguments. *See* D. Ct. ECF No. 250 (denying Defendants' request by setting remedial hearing date); D. Ct. ECF No. 267 (denying Defendants' emergency motion to cancel remedial hearing and noting that "[t]his case has been

Even if Defendants could credibly contend the preliminary injunction is moot, the merits panel of this Court is well-equipped to decide that issue in the coming weeks.

First, the plain language of the district court's preliminary injunction makes clear that it remains in effect. The district court enjoined the Louisiana Secretary of State from "conducting *any* congressional elections under the map enacted by the Louisiana Legislature in H.B. 1." *Robinson,* 605 F. Supp. 3d at 766 (emphasis added). Defendants are unable to point to anything in the preliminary injunction that limits its scope to the 2022 congressional elections. The district court's consideration of 2022 election dates was prompted only by Defendants' reliance on the *Purcell* principle and their accompanying (and unsuccessful) argument that it was too late to implement a remedial map before the midterm elections. *See* Defs.' Opp'n to Mot. for Prelim. Inj., D. Ct. ECF No. 158.[3]

---

extensively litigated" and that preparation for originally scheduled June 29, 2022, remedial hearing was "essentially complete").

[3] Indeed, this has been Defendants' strategy throughout this litigation: delaying implementation of a compliant congressional map and then declaring that it is simply too late for implementation to occur. *See, e.g.*, D. Ct. ECF No. 129 (legislative intervenors' motion to restart proceedings

Second, the Supreme Court's *Allen* decision affirmed a similarly worded preliminary injunction approximately six months *after* the 2022 elections. *See Singleton v. Merrill*, 582 F. Supp. 3d 924, 936 (N.D. Ala. 2022) (per curiam) (enjoining Alabama Secretary of State "from conducting *any* congressional elections according" to enacted map (emphasis added)).[4] There was no indication in the resolution of that appeal that an injunction issued before an election to address an unremedied and ongoing violation of federal law was somehow mooted by the passage of a single election—nor should that argument be credited here.

---

before three-judge court due to new claim purportedly asserted in footnote of reply brief); D. Ct. ECF No. 131-1 (State's motion to stay proceedings on eve of preliminary-injunction hearing); D. Ct. ECF No. 200 (State's proposal to delay remedial hearing); D. Ct. ECF No. 201 (legislative intervenors' proposal to delay remedial hearing by nearly one month); D. Ct. ECF No. 202 (Secretary of State's submission endorsing legislative intervenors' proposed remedial timeline); *see also* D. Ct. ECF No. 223 at 3 (order denying State's motion for extension as "a red herring for a delay").

[4] The Alabama district court has since reiterated that the case is not moot: "Black Alabamians will be forced, if we do not address the matter, to continue to vote under a map that we have found likely violates Section Two." *Singleton v. Allen,* No. 2:21-CV-1291-AMM, 2023 WL 5691156, at *46 (N.D. Ala. Sept. 5, 2023). That, the court held, "constitutes a live and ongoing injury." *Id.*

Third, Defendants' litigation strategy itself belies any suggestion that the preliminary injunction is moot. After the Supreme Court lifted its stay of the district court's preliminary injunction, Defendants expressly requested that the Court set the case for merits briefing and oral argument, inviting the Court to address the standard for racially polarized voting, racial gerrymanders, compactness analysis, and the comparison between mandatory and prohibitory preliminary injunctions. *See* Pet.' Letter Mot. Requesting Oral Argument and Briefing, *Ardoin v. Robinson*, No. 21A814 (U.S. June 8, 2022); *see also id.* ("The heart of [this case] is about the district court's misapplication of the law."). Not once in their entreaties to that Court did Defendants suggest the preliminary injunction was moot. Instead, they sought an opportunity to fully litigate the merits of the district court's order, well after the 2022 congressional elections had passed. *See id.* ("Petitioners respectfully request that the Court set this matter for briefing on the merits and oral argument in the normal course."). Defendants cannot now be heard to insist that the same case in which they sought merits briefing before the Supreme Court has become moot.

In sum, Defendants have no basis in law or fact to contend that mootness is "clear" or "indisputable"; to the contrary, the law and facts make clear that the preliminary injunction remains in effect. To the extent there is any question of mootness, moreover, this Court need not resolve the issue on a petition for mandamus, as it has already been fully briefed before the merits panel of this Court and will be addressed during the oral argument on the preliminary injunction scheduled for October 6. In either event, Defendants are not entitled to mandamus relief.

### C. Defendants fail to raise any new or relevant arguments that were not previously briefed before this Court's merits panel.

As a last-ditch effort to evade the normal appellate process, Defendants point to two cases that were already fully briefed before this Court's merits panel: *Allen* and *Students for Fair Admissions, Inc. v. President & Fellows of Harvard College*, 143 S. Ct. 2141 (2023) (*SFFA*). *See* 5th Cir. ECF No. 260, 296, 297. Neither of these recent decisions are relevant to Defendants' argument on the merits, much less provide a basis for granting the petition. Rest assured, the Supreme Court did not fundamentally alter Section 2 jurisprudence in either case such that the district court's preliminary injunction has been called into question.

Defendants tied their case to *Allen* before this Court's motions panel last year, arguing that that case "squarely presents the same fundamental questions confronted in this litigation" along with "essentially identical" facts. ECF No. 45. But in *Allen*, the Court explicitly *rejected* Alabama's attempt to "remake our [Section] 2 jurisprudence anew," 143 S. Ct. at 1506, and instead reaffirmed the *Gingles* framework that Plaintiffs followed to demonstrate a Section 2 violation and the district court adopted when issuing its preliminary injunction. ECF 173 at 88-127 (applying *Gingles* framework to find that Plaintiffs were "substantially likely" to prove all three *Gingles* preconditions and the totality of circumstances). This Court's motions panel applied the same standards, concluding that Defendants "ha[d] not met their burden of showing likely success on the merits" and denying their motion for a stay pending appeal. *Robinson v. Ardoin*, 37 F.4th 208, 215 (5th Cir. 2022) (Smith, Higginson, and Willett, JJ.); *see also id.* at 224 ("*Gingles* remains good law, and so the defendants have not shown that they are likely to succeed on that basis."). After having tied their case so closely to Alabama's defense, Defendants cannot now credibly contend that the outcome of *Allen* in fact weighs in their favor.

Nor did the Supreme Court fundamentally change redistricting law within its university-admissions decision. *See Singleton v. Allen*, No. 2:21-cv-1530-AMM, 2023 WL 5691156, at *71 (N.D. Ala. Sept. 5, 2023) (per curiam) (recognizing "affirmative action cases, like [*SFFA*], are fundamentally unlike this case"). Nothing in *SFFA*'s majority opinion—authored by Chief Justice Roberts and published just three weeks after his opinion for the Court in *Allen*—nor in any of *SFFA*'s three concurring opinions or two dissenting opinions so much as mentions *Allen*, let alone purports to revise *Allen*'s endorsement of the district court's Section 2 analysis. In fact, *SFFA*'s only reference to redistricting is in a citation provided to support the principle that "race-based government action" is *permitted* to "remediat[e] specific, identified instances of past discrimination that violated the Constitution or a statute." 143 S. Ct. at 2162 (citing *Shaw v. Hunt*, 517 U.S. 899, 909–10 (1996)). This is the principle that requires states to remedy Section 2 violations by enacting maps that consciously correct racial discrimination.

In short, Defendants have no legitimate claim that the district court "misinterpreted the law, misapplied it to the facts, or otherwise engaged in an abuse of discretion," *Deputy Orthopaedics*, 870 F.3d at 350–51

(quoting *In re Lloyd's Register N. Am.,* 780 F.3d 283, 290 (5th Cir. 2015)),

let alone a clear and indisputable right to the extraordinary remedy of

mandamus relief.[5]

## II. Petitioners fail to demonstrate that they have "no other adequate means" to obtain relief.

This Court has made abundantly clear that the no-adequate-means

requirement is "a high bar: The appeals process provides an adequate

remedy in almost all cases, even where defendants face the prospect of

an expensive trial." *Depuy Orthopaedics*, 870 F.3d at 352. Defendants do

not come close to clearing that standard.

There is simply no irreparable injury to Defendants if the district

court proceeds as planned with the remedial hearing and adopts a

remedial map. Defendants can appeal in the ordinary course (as they

---

[5] Defendants also appear to argue that they have a clear right to mandamus because (i) they were "prevented from fulsomely defending [their] case by virtue of the expedited preliminary-injunction proceedings," and (ii) "the resulting preliminary-injunction opinion from the Court did not fully resolve—and as a matter of law, could not have fully resolved—the merits of the Plaintiffs Section 2 claims." Mandamus Pet. at 16. But they do not explain why those reasons, even if true, support mandamus as opposed to any other form of relief. Furthermore, Defendants' complaints about the lack of time to develop a full factual record counsel *in favor* of district court deference to determine when in its schedule a trial of this magnitude and complexity is most appropriate.

already have), seeking relief from the remedial map when and if it is adopted.[6]

And there is nothing inconsistent with adopting a remedial map at the preliminary-injunction stage and then later moving forward with a trial on the merits. The district court has certainly never suggested that it plans to forgo trial, and there is no doubt that a trial can proceed in a timely manner without affecting the 2024 elections. In 2022, the Legislature did not enact a districting plan until March 29, and both the district court and this Court rejected Defendants' arguments that an injunction entered in June was too close to the election. *See Robinson*, 605 F. Supp. 3d at 856; *Robinson*, 37 F.4th at 228. This case remains on track for trial by spring 2024, which will obviate any conceivable concerns about ensuring final relief sufficiently in advance of the 2024 elections.

Defendants imply that the fully briefed merits appeal of the preliminary injunction is inadequate because the record on appeal is incomplete and fails to include intervening events. This Court, however,

---

[6] This is precisely the course that parties have followed in the parallel Alabama litigation. *See, e.g.*, *Milligan v. Allen*, No. 2:21-cv-1530-AMM, ECF No. 156 (order recognizing parties' agreement to continue remedial phase of preliminary injunction), 281 (notice of appeal of remedial-phase order in ordinary course).

has the benefit of substantial, *up-to-date* briefing from both parties on the merits. Indeed, due to the Supreme Court's stay, Defendants were given until July 17, 2023, to file their reply brief, which encompasses the same mootness argument raised here. The merits panel also requested supplemental briefing (since submitted) addressing the impacts of the Supreme Court's decision in *Allen* and "and any other developments or caselaw that would have been appropriate for Rule 28(j) letters over the past year." 5th Cir. ECF No. 242. That briefing encompassed the impact on the law—if any—from the Supreme Court's *Allen* and *SFFA* decisions. To be sure, Defendants also used the supplemental brief to reiterate their mootness argument, *see* 5th Cir. ECF No. 260, n. 1, and will have the opportunity to press the issue before the merits panel at oral argument on October 6, just over two weeks from today.

In sum, there is no prejudice or irreparable harm if Defendants are required to follow the ordinary course and contest the preliminary injunction on appeal.[7]

---

[7] In the unlikely event that any new factual issues arise, the parties can supplement the appellate factual record if truly necessary to do so. *See, e.g., Gibson v. Blackburn*, 744 F.2d 403, 405 n.3 (5th Cir. 1984); Fed. R. App. P. 10(e)(2)(C); Fed. R. Evid. 201.

## III.     Mandamus is inappropriate under these circumstances.

Even if Defendants could clear the significant hurdles discussed above, they must also independently establish that a writ of mandamus is "appropriate under the circumstances." *Depuy Orthopaedics*, 870 F.3d at 352. Courts have held that the extraordinary remedy of mandamus relief is appropriate only in exceptional circumstances, such as when a lower court's actions "would threaten the separation of powers by embarrassing the executive arm of the Government or result in the intrusion by the federal judiciary on a delicate area of federal-state relations," or would "amount[] to a judicial usurpation of power." *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 371, 381 (2004) (cleaned up). This is plainly not the case here: As discussed, the district court has both the jurisdiction to resolve this dispute and the discretion to schedule a remedial hearing. That alone should settle the issue.

But even under alternative grounds for mandamus relief, such as whether an issue's importance extends "beyond the immediate case," *Depuy Orthopaedics*, 870 F.3d at 352 (quotation omitted), mandamus does not lie. The highly unique and anomalous circumstances of this case—in which the parties and district court were prepared to move

forward on the remedial hearing *12 months ago*, after which Defendants appealed and the Supreme Court decided to hold the proceedings in abeyance—are unlikely to recur. There is little at issue here that extends beyond this case.

Defendants have tried everything possible to avoid the district court's preliminary-injunction ruling, and thus far every court—including the Supreme Court and the motions panel of this Court—has refused their invitation to upend the well-established legal precedent or the orderly posture of this case. Mandamus relief is not, and cannot be, a vehicle to reset an adverse district court ruling in lieu of normal appellate procedures. Any unique twists and turns here are due entirely to Defendants' recalcitrance in following a clear court order and refusal to accept the district court's discretion to manage its own docket. Defendants' disappointment with the decisions and calendar of this case thus far is neither an independent nor adequate basis for extraordinary mandamus relief.

## <u>CONCLUSION</u>

The Court should deny the petition for writ of mandamus.

Respectfully submitted,

J. E. Cullens, Jr.                    /s/ Abha Khanna
Andrée Matherne Cullens               Abha Khanna
S. Layne Lee                          Jonathan P. Hawley
WALTERS, THOMAS,                      ELIAS LAW GROUP LLP
CULLENS, LLC                          1700 Seventh Ave. Suite 2100
12345 Perkins Road, Bldg. One         Seattle, Washington 98101
Baton Rouge, LA 70810                 (206) 656-0177
(225) 236-3636                        akhanna@elias.law
cullens@lawbr.net                     jhawley@elias.law
acullens@lawbr.net
laynelee@lawbr.net                    Jacob D. Shelly
                                      Qizhou Ge
                                      ELIAS LAW GROUP LLP
                                      250 Massachusetts Ave, NW
                                      Suite 400
                                      Washington, D.C. 20001
                                      (202) 968-4490
                                      jshelly@elias.law
                                      age@elias.law

                                      Counsel for *Galmon* Plaintiffs

                                      September 20, 2023

## CERTIFICATE OF SERVICE

I, Abha Khanna, a member of the Bar of this Court and counsel for appellees certify that, on September 20, 2023, a copy of the *Galmon* Response in Opposition to Petition for Writ of Mandamus was filed with the Clerk through the Court's electronic filing system. I further certify that all parties required to be served have been served.

/s/ *Abha Khanna*
ABHA KHANNA

# CERTIFICATE OF COMPLIANCE
## WITH TYPEFACE AND WORD-COUNT LIMITATIONS

I, Abha Khanna, a member of the Bar of this Court and counsel for appellees certify, pursuant to Federal Rule of Appellate Procedure 32(a)(7)(B) and Fifth Circuit Rule 32.3, that the *Galmon* Response in Opposition to Petition for Writ of Mandamus is proportionately spaced, has a typeface of 14 points or more, except for footnotes, which are 12 points, and contains 4,786 words.

/s/ *Abha Khanna*
ABHA KHANNA

September 20, 2023