**No. 23-30642**

In the United States Court of Appeals
for the Fifth Circuit

*IN RE JEFF LANDRY, IN HIS OFFICIAL CAPACITY AS
THE LOUISIANA ATTORNEY GENERAL;* ET AL.

*ON PETITION FOR WRIT OF MANDAMUS FROM
UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA
CIV. NO. 22-0211 & CIV. NO. 22-0214 (C.J. SHELLY D. DICK)*

**REQUEST FOR EMERGENCY STAY OF MANDAMUS**

J. E. CULLENS, JR.
ANDREE MATHERNE CULLENS
S. LAYNE LEE
WALTERS, THOMAS, CULLENS, LLC
12345 Perkins Road, Bldg. One
Baton Rouge, LA 70810
(225) 236-3636
*cullens@lawbr.net*
*acullens@lawbr.net*
*laynelee@lawbr.net*

ABHA KHANNA
JONATHAN P. HAWLEY
ELIAS LAW GROUP LLP
1700 Seventh Ave. Suite 2100
Seattle, Washington 98101
(206) 656-0177
*akhanna@elias.law*
*jhawley@elias.law*

JACOB D. SHELLY
QIZHOU GE
ELIAS LAW GROUP LLP
250 Massachusetts Ave, NW
  Suite 400
Washington, D.C. 20001
(202) 968-4490
jshelly@elias.law
age@elias.law

Counsel for *Galmon* Plaintiffs

ROBERT A. ATKINS
YAHONNES CLEARY
JONATHAN H. HURWITZ
AMITAV CHAKRABORTY
ADAM P. SAVITT
ARIELLE B. MCTOOTLE
ROBERT KLEIN
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
Tel.: (212) 373-3000
Fax: (212) 757-3990
*asavitt@paulweiss.com*
*ratkins@paulweiss.com*
*ycleary@paulweiss.com*

STUART NAIFEH
LEAH ADEN
KATHRYN SADASIVAN
VICTORIA WENGER
NAACP LEGAL DEFENSE AND
  EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
Tel: (212) 965-2200
*snaifeh@naacpldf.org*
*laden@naacpldf.org*
*ksadasivan@naacpldf.org*
*vwenger@naacpldf.org*
SOPHIA LIN LAKIN
AMERICAN CIVIL LIBERTIES
  UNION FOUNDATION

*jhurwitz@paulweiss.com*
*achakraborty@paulweiss.com*
*amctootle@paulweiss.com*
*rklein@paulweiss.com*


R. JARED EVANS
I. SARA ROHANI
NAACP LEGAL DEFENSE AND
  EDUCATIONAL FUND, INC.
700 14th Street N.W. Ste. 600
Washington, DC 20005
Tel: (202) 682-1300
*jevans@naacpldf.org*
*srohani@naacpldf.org*

JOHN ADCOCK
ADCOCK LAW LLC
3110 Canal Street
New Orleans, LA 70119
Tel: (504) 233-3125
Fax: (504) 308-1266
*jnadcock@gmail.com*

TRACIE WASHINGTON
LOUISIANA JUSTICE INSTITUTE
Suite 132
3157 Gentilly Blvd.
New Orleans, LA 70122
Tel: (504) 872-9134
*tracie.washington.esq@gmail.com*

125 Broad Street, 18th Floor
New York, NY 10004
*slakin@aclu.org*

SARAH BRANNON
MEGAN C. KEENAN
AMERICAN CIVIL LIBERTIES
  UNION FOUNDATION
915 15th St., NW
Washington, DC 20005
*sbrannon@aclu.org*
*mkeenan@aclu.org*

T. ALORA THOMAS-LUNDBORG
ELECTION LAW CLINIC
HARVARD LAW SCHOOL
6 Everett Street, Ste. 4105
Cambridge, MA 02138
*tthomaslundborg@law.harvard.edu*

NORA AHMED
STEPHANIE WILLIS
ACLU FOUNDATION OF LOUISIANA
1340 Poydras St, Ste. 2160
New Orleans, LA 70112
Tel: (504) 522-0628
*nahmed@laaclu.org*
*swillis@laaclu.org*


Counsel for *Robinson*
Plaintiffs

# **TABLE OF CONTENTS**

STATEMENT REGARDING ORAL ARGUMENT ................................. iii

STATEMENT OF THE RELIEF SOUGHT ............................................ IV

ARGUMENT .................................................................................................2

    I.    APPLICANTS ARE LIKELY TO SUCCEED ON THE MERITS. .................................................................................2

    II.    DECLINING TO STAY INFLICTS IRREPARABLE HARM, AND THE BALANCE OF EQUITIES WEIGHS IN FAVOR OF A STAY. ........................................... 4

CONCLUSION ............................................................................................5

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ex parte Fahey*,
  332 U.S. 258 (1947) ................................................................................... 3

*Nken v. Holder*,
  556 U.S. 418 (2009) ................................................................................... 1

*Norelli v. Sec'y of State*,
  175 N.H. 186, 292 A.3d 458 (2022) ......................................................... 5

*Robinson v. Ardoin*,
  605 F. Supp. 3d 759 (M.D. La. 2022) ...................................................... 5

## **STATEMENT REGARDING ORAL ARGUMENT**

Given the exigency, Applicants submit that oral argument is unlikely to assist the Court in resolving this application and is instead likely to result in delay.

## STATEMENT OF THE RELIEF SOUGHT

Applicants seek an emergency stay and stay pending appeal of this Court's September 28, 2023, order granting Respondents' petition for a writ of mandamus. Given the considerable travel and other preparations that turn on the resolution of this motion, Applicants respectfully request an order by 4:00 p.m. Central Time.

Applicants seek an emergency stay of this Court's writ of mandamus ordering the district court to vacate the remedial hearing scheduled for October 3 while the pursue an appeal of the writ to the U.S. Supreme Court. The panel's order mistakenly assumes that the Louisiana Legislature was deprived of the opportunity to enact a remedial plan. In fact, not only was the Legislature expressly provided that opportunity last year, but since the Supreme Court's stay was lifted, the Legislature has had nearly three months to craft a legislative remedy to the likely Section 2 violation, and it has made no effort to do so nor has it asked the district court or this Court for more time for such a task. Moreover, the leaders of the Legislature, intervenors in the underlying litigation, did not join the petition nor have the given any other indication that they want or would make use of an opportunity to develop their own remedial plan. For this reason, along with the additional reasons presented in response to the petition for writ of mandamus, this Court should stay the mandamus order.[1]

---

[1] Because of the exigencies of a hearing scheduled to commence on Tuesday, requiring parties, counsel, and witnesses to travel to Baton Rouge in the days beforehand, Applicants intend to seek the same relief from the U.S. Supreme Court before close of business today.

## ARGUMENT

Applicants are entitled to a stay pending appeal because Applicants are likely to succeed on the merits of their appeal to the Supreme Court, and issuing a stay will not substantially injure the parties, will prevent irreparable harm, and will serve the public interest. *See Nken v. Holder*, 556 U.S. 418, 426 (2009).

## I. Applicants are likely to succeed on the merits.

First, the panel granted the writ on a basis that was not requested, and that has not been at issue in this case for over a year. The panel concluded that the district court "had no warrant to undertake redistricting" "without having afforded the Louisiana legislature the first opportunity to comply with its ruling." ECF No. 39–1 at 9. But the Legislature did have an opportunity to enact a remedial map in the 14 days provided in 2022, in the 12 months while the case was stayed, and in the 11 weeks after proceedings resumed and the district court scheduled the upcoming hearing for October 3.

Most importantly, however, the Legislature—represented in this litigation by the Speaker of the House of Representatives and President of the Louisiana Senate—*has not requested additional time* for the

legislative process. They have not represented to any court since proceedings resumed that they had any intent to engage in remedial redistricting or that they needed more than the 11 weeks allotted by the district court, and they *did not join* the petition for mandamus. Granting the petition on a mistaken basis that was not requested was clear error.

Additionally, the panel mistakenly determined that mandamus was necessary to avoid a "two-track set of appeals on the merits and the court-ordered plan." *Id.* at 5–6. But the writ that was granted will not avoid multiple appeals, as parties still may appeal the merits and any court-ordered plan after a rescheduled hearing, and *avoiding* appeals is not an appropriate purpose for mandamus. To the extent the panel was concerned about multiple appeals, it should have permitted the merits panel to adjudicate the identical arguments pressed by Petitioners at the argument scheduled for October 6, 2023.

Finally, mandamus relief is a "drastic and extraordinary remed[y] . . . reserved for really extraordinary causes." *Ex parte Fahey*, 332 U.S. 258, 259–60 (1947). Commandeering the district court's ordinary docket management was an inappropriate use of the writ.

3

## II. Declining to stay inflicts irreparable harm, and the balance of equities weighs in favor of a stay.

The parties have now fully prepared for this remedial hearing *twice*—once before the remedial hearing originally set for June 29, 2022, when, as the district court explained, "[t]he preparation necessary . . . was essentially complete," and again after the Supreme Court vacated its stay on June 26, 2023 and the district court provided 11-weeks' notice of the rescheduled hearing. The parties remain on pace for the October 3 start date.

Nor is the Legislature, which has been provided with ample opportunities—in June 2022 and since the remedial proceedings resumed in July 2023—to enact a remedial map, harmed by a stay. The Legislature has not moved to enact a remedial map, nor have Defendants represented in any communications this year that the Legislature desired additional time to enact a remedial map. Moreover, holding the remedial hearing does not preclude the Legislature from enacting a remedial map should it choose to act. The remedial hearing merely permits the district court's consideration—and, if necessary, interim adoption—of a party-proposed remedy, and that process can run

4

concurrently with legislative efforts. *See Norelli v. Sec'y of State*, 175 N.H. 186, 204, 292 A.3d 458, 471 (2022).

While there is no irreparable harm to continuing to the remedial hearing, continuing to forego relief to address the Section 2 violation harms all Louisianians. *Robinson v. Ardoin*, 605 F. Supp. 3d 759, 852 (M.D. La. 2022) (concluding that "protecting voting rights is quite clearly in the public interest, while allowing elections to proceed under a map that violates federal law most certainly is not"). A stay is thus in the public interest. Certainty of resolution in time for the 2024 elections disappears if the remedial hearing is postponed indefinitely, pending the Louisiana Legislature's actions and the district court's availability, and Louisianians are in danger of voting in another election using a map that has already been found to be unlawfully drawn.

## **CONCLUSION**

The Court should issue an emergency stay pending appeal.

Respectfully submitted,

J. E. CULLENS, JR.  
ANDREE MATHERNE CULLENS  
S. LAYNE LEE  
WALTERS, THOMAS, CULLENS, LLC  
12345 Perkins Road, Bldg. One  
Baton Rouge, LA 70810  
(225) 236-3636  
*cullens@lawbr.net*  
*acullens@lawbr.net*  
*laynelee@lawbr.net*  

/s/ *Abha Khanna*  
ABHA KHANNA  
JONATHAN P. HAWLEY  
ELIAS LAW GROUP LLP  
1700 Seventh Ave. Suite 2100  
Seattle, Washington 98101  
(206) 656-0177  
*akhanna@elias.law*  
*jhawley@elias.law*  

JACOB D. SHELLY  
QIZHOU GE  
ELIAS LAW GROUP LLP  
250 Massachusetts Ave, NW  
  Suite 400  
Washington, D.C. 20001  
(202) 968-4490  
*jshelly@elias.law*  
*age@elias.law*  

Counsel for *Galmon* Plaintiffs

ROBERT A. ATKINS  
YAHONNES CLEARY  
JONATHAN H. HURWITZ  
AMITAV CHAKRABORTY  
ADAM P. SAVITT  
ARIELLE B. MCTOOTLE  
ROBERT KLEIN  
PAUL, WEISS, RIFKIND,  
  WHARTON & GARRISON LLP  
1285 Avenue of the Americas  
New York, NY 10019  
Tel.: (212) 373-3000  
Fax: (212) 757-3990  

/s/ *Stuart Naifeh*  
STUART NAIFEH  
LEAH ADEN  
KATHRYN SADASIVAN  
VICTORIA WENGER  
NAACP LEGAL DEFENSE AND  
  EDUCATIONAL FUND, INC.  
40 Rector Street, 5th Floor  
New York, NY 10006  
Tel: (212) 965-2200  
*snaifeh@naacpldf.org*  
*laden@naacpldf.org*  
*ksadasivan@naacpldf.org*  

6

*asavitt@paulweiss.com*
*ratkins@paulweiss.com*
*ycleary@paulweiss.com*
*jhurwitz@paulweiss.com*
*achakraborty@paulweiss.com*
*amctootle@paulweiss.com*
*rklein@paulweiss.com*


R. JARED EVANS
I. SARA ROHANI
NAACP LEGAL DEFENSE AND
  EDUCATIONAL FUND, INC.
700 14th Street N.W. Ste. 600
Washington, DC 20005
Tel: (202) 682-1300
*jevans@naacpldf.org*
*srohani@naacpldf.org*

JOHN ADCOCK
ADCOCK LAW LLC
3110 Canal Street
New Orleans, LA 70119
Tel: (504) 233-3125
Fax: (504) 308-1266
*jnadcock@gmail.com*

TRACIE WASHINGTON
LOUISIANA JUSTICE INSTITUTE
Suite 132
3157 Gentilly Blvd.
New Orleans, LA 70122
Tel: (504) 872-9134
*tracie.washington.esq@gmail.com*

*vwenger@naacpldf.org*
SOPHIA LIN LAKIN
AMERICAN CIVIL LIBERTIES
  UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
*slakin@aclu.org*

SARAH BRANNON
MEGAN C. KEENAN
AMERICAN CIVIL LIBERTIES
  UNION FOUNDATION
915 15th St., NW
Washington, DC 20005
*sbrannon@aclu.org*
*mkeenan@aclu.org*

T. ALORA THOMAS-LUNDBORG
ELECTION LAW CLINIC
HARVARD LAW SCHOOL
6 Everett Street, Ste. 4105
Cambridge, MA 02138
*tthomaslundborg@law.harvard.edu*

NORA AHMED
STEPHANIE WILLIS
ACLU FOUNDATION OF LOUISIANA
1340 Poydras St, Ste. 2160
New Orleans, LA 70112
Tel: (504) 522-0628
*nahmed@laaclu.org*
*swillis@laaclu.org*


Counsel for *Robinson* Plaintiffs

7

## CERTIFICATE OF CONFERENCE

On September 29, 2023, counsel for Plaintiffs conferred via email with counsel for Defendants about their position on this application. At the time of filing, counsel for Intervenor-Plaintiff Louisiana Legislative Black Caucus stated it supports and joins the application, and counsel for the State and Secretary of State indicated they oppose the application.

## CERTIFICATE OF SERVICE

I, Abha Khanna, a member of the Bar of this Court and counsel for appellees certify that, on September 29, 2023, a copy of this Request for Emergency Stay of Mandamus was filed with the Clerk through the Court's electronic filing system. I further certify that all parties required to be served have been served.

/s/ *Abha Khanna*
ABHA KHANNA

# CERTIFICATE OF COMPLIANCE
# WITH TYPEFACE AND WORD-COUNT LIMITATIONS

I, Abha Khanna, a member of the Bar of this Court and counsel for appellees certify, pursuant to Federal Rule of Appellate Procedure 32(a)(7)(B) and Fifth Circuit Rule 32.3, that this Request for Emergency Stay of Mandamus is proportionately spaced, has a typeface of 14 points or more, except for footnotes, which are 12 points, and contains 969 words.

/s/ *Abha Khanna*
ABHA KHANNA

September 29, 2023